UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TREMAYNE DEON CARROLL,

Plaintiff,

v.

SPEARMAN, Warden, et al.,

Defendants.

No. 2:16-cv-2443-JAM-EFB P

ORDER

Plaintiff is a state prisoner proceeding without counsel and in forma pauperis in an action brought under 42 U.S.C. § 1983. He has filed what he styles as a "Petition to Subpoena Record and Contact/Name of Construction Company and CDCR Official Who Granted It [and Request for] Appointment of Counsel," ECF No. 16, which the court construes a request to issue a subpoena for documents.

Plaintiff's request is premature. Plaintiff's complaint has been dismissed with leave to amend.[1] ECF No. 11. If plaintiff files an amended complaint, and the court finds that it states a cognizable claim, the court will order service of the complaint by the U.S. Marshal. After a defendant files an answer to the complaint, the court will issue a discovery and scheduling order.

---

[1] The time for amending, however, has passed. *See* ECF No. 11. In an abundance of caution, the court will grant plaintiff another thirty days within which to file an amended complaint.

1

Plaintiff may then seek documents from defense counsel, and should file a motion asking for the court's assistance only if he cannot obtain them through requests made pursuant to the ordinary discovery rules (Federal Rules of Civil Procedure 26-37 & 45).

Plaintiff's request for appointment of counsel is also denied. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily to represent such a plaintiff. *See* 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider the likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Having considered those factors, the court finds there are no exceptional circumstances in this case.

Accordingly, IT IS HEREBY ORDERED that plaintiff's "Petition to Subpoena Record and Contact/Name of Construction Company and CDCR Official Who Granted It [and Request for] Appointment of Counsel." (ECF No. 16) is denied. IT IS FURTHER ORDERED that plaintiff shall file an amended complaint within thirty days of the date this order is signed. Failure to comply with this order may result in dismissal of this action for failure to prosecute.

DATED: September 21, 2017.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE